**WO**

IN THE U.S. DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Pablo Navarrette,<br><br>    Defendant. | No. CR-12-00924-001-PHX-GMS<br><br>**ORDER** |

  Pending before the Court is Defendant Pablo Navarrette's Motion for Judgment of Acquittal under Rule 29(c) or Alternatively for New Trial under Rule 33(b)(3), (Doc. 87). For the reasons specified below, the Motion is denied.

## BACKGROUND

  On May 2, 2012, the Government indicted Defendant Pablo Navarrette of eighteen counts of violating 18 U.S.C. § 924(a)(1)(A) for knowingly making false statements in the acquisition of firearms. (Doc. 1, Indictment.) Each of the counts related to Defendant's false statements on eighteen federally-mandated Form 4473s (the "Forms"). (*Id.*) Defendant completed the Forms before acquiring firearms from federal firearms licensees ("FFLs") on dates between March 2008 and March 2010. (*Id.*)

  The false statements that Defendant provided on the Forms were in response to a question about his "Current Residence Address." (*See* Govt.'s Exs. 1–18.) Although he listed the address of "2208 N. 37th Drive, Phoenix AZ" on the forms, the Government proffered evidence at trial, discussed below, to establish that Defendant lived at the

address 4110 W. Carter Road, Phoenix, Arizona when he completed the forms and that he knew that was his actual place of residence. At the close of evidence and before closing argument, the Court instructed the jury that to convict Defendant of the charges against him, the evidence must show that "(1) the Defendant made a false statement or representation in a Form 4473; (2) to a federally licensed firearms dealer; and (3) the Defendant knew that the statement or representation was false." (Doc. 72, Jury Instructions ¶ 35.1.) On July 25, 2013, Defendant Pablo Navarrette was found guilty by a jury on sixteen of the eighteen indicted counts. (Doc. 83, Jury Verdict.)

Defendant moves for a judgment of acquittal under Rule 29 for insufficiency of the Government's evidence to support the jury's verdict or in the alternative, for a new trial based on allegedly improper evidence admitted at trial and prejudicial statements in the Government's closing argument.

## DISCUSSION

### I. MOTION FOR JUDGMENT OF ACQUITTAL

In ruling on a motion challenging the sufficiency of the Government's evidence under Federal Rule of Criminal Procedure 29 "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *U.S. v. Alarcon–Simi,* 300 F.3d 1172, 1176 (9th Cir. 2002). "Further, all reasonable inferences are to be drawn in favor of the government, and any conflicts in the evidence are to be resolved in favor of the jury's verdict." *U.S. v. Alvarez-Valenzuela*, 231 F.3d 1198, 1201–02 (9th Cir. 2000) (internal citation omitted). "In evaluating the evidence, [the Court] consider[s] all of the evidence presented at trial, including the evidence that was improperly admitted." *U.S. v. Castaneda*, 16 F.3d 1504, 1510 (9th Cir. 1994) (internal citation omitted).

Defendant argues that there was insufficient evidence to support the finding that he knowingly made a false statement when acquiring firearms. At trial, the Government introduced the following circumstantial evidence for the consideration of the jury. It

introduced eighteen Form 4473s that Defendant completed from March 2008 to March 2010 in order to purchase the firearms. (Govt.'s Exs. 1–18.)  On each of those Forms, Defendant listed his "Current Residence Address" as "2208 N. 37th Drive, Phoenix AZ." (*Id.*) Other evidence showed, however, that Defendant lived at another address, 4110 West Carter Road, at the time he filled out the Forms. His landlord, Rodney Burgess, testified that Defendant rented the 4110 West Carter Road house from him and lived there beginning in March 2008 through the time of trial in July 2013. The Government also introduced the corresponding lease which covered that period of time, utility bills from August to September 2008 at that address, and 2009 tax forms listing the address as his place of residence. (Govt.'s Exs. 20, 26, 31.)

The Government introduced testimony from four FFL employees that had sold the firearms to Defendant and had verified and completed the Forms after Defendant provided his information. They testified that it was standard practice to instruct each firearms purchaser that the "Current Residence Address" question on the Forms meant to list the address where the purchaser currently lived. Finally, the Government introduced testimony from Defendant's father, Pablo Navarrette, Sr., who stated that Defendant did not reside at the 2208 N. 37th Drive address during the period in question and that prior to moving to the 4110 West Carter Road address, Defendant lived at another address on Holly Street. That testimony was corroborated by a check listing Defendant's name with the Holly Street address. (*Id.* 53.)

Drawing all reasonable inferences in the Government's favor, the Court finds that a rational trier of fact could have found beyond a reasonable doubt that Defendant knowingly made a false statement when he purchased the firearms. The jury was instructed to consider both direct and circumstantial evidence to prove any fact at issue. (Doc. 72, Jury Instructions ¶ 3.8.)  The circumstantial evidence was sufficient to support the finding that Defendant knowingly listed a false "Current Residence Address." The evidence shows that for the period of nearly two years when Defendant listed the 2208 N. 37th Drive address on the Forms, he lived as well as paid rent and utilities at the 4110

West Carter Road address which he also listed on his tax forms. The jury could have also inferred from the testimony of the FFL employees that Defendant was instructed to the list on the Forms the address where he currently lived; the 4110 West Carter Road address. Finally, Defendant's father testified that Defendant did not live at the 2208 N. 37th Drive address during the period in question or immediately prior to it from which the jury could have inferred that Defendant did not mistakenly list that address on the Forms.

Further, the Government introduced evidence to prove that Defendant had a motive to provide false statements. Although the "knowingly" element of the crime was sufficiently established by the evidence discussed above, the motive evidence consisting of Defendant's modest financial condition provided additional facts for the jury to find guilt in these circumstances. The Government offered the following evidence: (1) Arizona Department of Economic Security records showing Defendant's wages from 2007 to 2009, (Govt.'s Ex. 21); (2) Defendant's 2009 Federal and State tax forms, (*Id.* 31); (3) shut-off notices to Defendant from his utility services provider, (*Id.* 26); (4) testimony at trial from Defendant's landlord that he was delinquent in his rent during the period at issue; and (5) testimony from Defendant's former housemate, Michael Brower, that Defendant would borrow small sums of cash from him in 2010 and later. The Government also proffered evidence showing that the 31 firearms purchases made by Defendant from 2008 to 2010 would have cost the Defendant $20,000, (see *id.* 43) and were made in cash (*id.* 2–5, 7–18). In that context, Defendant's financial information could have suggested to a rational juror that Defendant was obtaining cash for the purchase of the firearms from others, and thus had a possible motive to provide the wrong place of residence on the Forms. It was additional evidence from which a jury could find that the Government proved the elements of the crime.

Defendant argues that "something more" than this evidence was needed to sustain his conviction. In support, Defendant cites to cases from this Circuit and others that involve direct and circumstantial evidence not shown here. *See, e.g., U.S. v. Jones*, 231

F.3d 508, 513 (9th Cir. 2000) (false statements on purchase forms that defendant was not a felon or subject to a restraining order); *U.S. v. Dillon,* 150 F.3d 754, 755–56 (7th Cir. 1998) (defendant's confession of gun trafficking activities in relation to false statement on Form 4473). But as discussed above, there was sufficient circumstantial evidence in this case to support the jury's guilty verdict. It is not necessary that the "something more" or rather, the "something different" in the cases cited to by Defendant be present in this case. Because based on the Government's evidence, a rational trier of fact could have found beyond a reasonable doubt that Defendant is guilty of violating 18 U.S.C. § 924(a)(1)(A), the Court denies Defendant's Motion for Judgment of Acquittal.

## II.    MOTION FOR NEW TRIAL

Pursuant to the Federal Rules of Criminal Procedure Rule 33 the Court may, under its discretion, vacate a judgment and grant a new trial "if the interest of justice so requires." *See U.S. v. Pimentel,* 654 F.2d 538, 545 (9th Cir. 1981). "A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal." *U.S. v. Alston,* 974 F.2d 1206, 1211 (9th Cir. 1992). But the authority to grant a new trial should be used "only in exceptional cases." *U.S. v. Rush,* 749 F.2d 1369, 1371 (9th Cir. 1984). The "exceptional cases" commonly involve a "miscarriage of justice" or situations where "the evidence preponderates heavily against the verdict." *Id*. The moving party has the burden of justifying a new trial. *See U.S. v. Endicott,* 869 F.2d 452, 454 (9th Cir. 1989).

Defendant argues that evidence of his financial condition discussed above was improperly admitted at trial. "Rulings of the court in the conduct of the trial on matters resting in its discretion are not ground for a new trial, unless substantial injustice is shown to have resulted therefrom." *U.S. v. Reyes*, 510 F. Supp. 150, 153 (D. Ariz. 1981) (internal citation omitted).

The Court admitted the evidence at trial under Federal Rule of Evidence 404(b) for the Government's stated purpose of establishing motive for the indicted crimes; the Court also denied Defendant's Motion in Limine to limit such evidence, (Doc. 47). It

affirms those rulings. In light of evidence that Defendant's firearms purchases were of significant monetary value, the evidence of Defendant's relatively modest financial condition was relevant to prove motive for providing a false place of residence on the Forms. The jury would not necessarily infer that Defendant purchased the firearms to commit a crime or that he had the propensity to commit crimes, but it could infer based on his financial condition that Defendant had committed "other acts" i.e., that he obtained funds from others or sold the firearms after purchase, and thus infer a motive to provide false statements on the Forms. Defendant's motive thus would be, in the Government's words, "to distance himself from the purchase." Any prejudicial value of the financial information did not substantially outweigh its probative value under Rule 403. Thus the Court's evidentiary rulings are not a basis upon which to grant a new trial.

Defendant also contends that in its closing argument, the Government improperly shifted to Defendant its burden to prove the indicted crimes. When a defendant moves for a new trial based on alleged prosecutorial misconduct, "a defendant must show that the conduct more probably than not materially affected the fairness of the trial." *U.S. v. Atcheson,* 94 F.3d 1237, 1244 (9th Cir. 1996) (citing *U.S. v. Smith,* 893 F.2d 1573, 1583 (9th Cir. 1990)); *see also U.S. v. Hinton,* 31 F.3d 817, 824 (9th Cir. 1994) ("To obtain a reversal for prosecutorial misconduct, a defendant must demonstrate that he was prejudiced by the misconduct").

In his closing argument, the Government's prosecutor stated the following: "I submit to you there's nothing in the evidence to show you [the Defendant] believed he lives at that address he put down on that form", (Doc. 86, Trial Tr., Govt.'s Closing at 20:19–21), and "[t]his is not a case about a gun collector. There's no evidence of that", (*id.* at 21:10–11). These statements were not an attempt to shift the burden. The Government argued what the evidence did and did not show. It did not state that the Defendant had the burden to prove that he believed he lived at the address listed on the Forms or that he was a gun collector, but rather that there was insufficient evidence to support either proposition. *See U.S. v. Mares*, 940 F.2d 455, 461 (9th Cir. 1991) ("The

prosecutor may comment on the defendant's failure to present exculpatory evidence, provided that the comments do not call attention to the defendant's own failure to testify.").

The Government argues that it made the statements in response to Defendant counsel's argument in its closing that Defendant believed his home was the address listed on the Forms, (Doc. 95-1, Ex. 1, Trial Tr., Def.'s Closing at 4:6, 9:20–22), and implying that Defendant was a gun collector, (*id.* at 5:4–9). Therefore, the Government's argument was "fair advocacy" in response to Defendant's closing argument. *See U.S. v. Falsia*, 724 F.2d 1339, 1342 (9th Cir. 1983) ("[W]here the defendant opens the door to an argument, it is 'fair advocacy' for the prosecution to enter."); *U.S. v. Bagley*, 772 F.2d 482, 494 (9th Cir. 1985) ("A prosecutor may properly reply to the arguments made by defense counsel, so long as the comment is not manifestly intended to call attention to the defendant's failure to testify . . . .").

Further, the Court instructed the jury before closing argument as to the burden of proof in this case. It instructed the jury as follows:

> The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

(Doc. 72, Jury Instructions ¶ 3.2.) Any potential for jury confusion from the Government's closing argument was diminished by the instruction. *See U.S. v. Tam*, 240 F.3d 797, 802 (9th Cir. 2001) (finding that district court "cured any potential error" from prosecutor's closing argument regarding defendant's choice not to call witnesses "by telling the jury that the burden of proof was on the government and that the defendant need not call any witnesses or produce any evidence."). "[W]e must presume that juries will follow the district court's limiting instructions." *U.S. v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995). Thus the conduct did not materially affect the fairness of the trial.

**IT IS THEREFORE ORDERED** that Defendant Pablo Navarrette's Motion for Judgment of Acquittal under Rule 29(c) or Alternatively for New Trial under Rule 33(b)(3), (Doc. 87), is **denied**.

Dated this 16th day of September, 2013.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge